Santiago Ros, sustituído por Guillermo Román, demandante y apelante, *v.* Justino Barreto Aldahondo, y Manuel Náter Girona, Márshal de la Corte de Distrito, demandados y apelados.

No. 7092.—*Sometido:* Julio 15, 1935. *Resuelto:* Julio 16, 1935.

*Diego O. Marrero,* abogado del apelante; *Angel A. Vázquez,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En un procedimiento de *injunction* preliminar que fué declarado sin lugar por la Corte de Distrito de San Juan le fueron impuestas las costas al peticionario. El demandado presentó su memorándum de costas en el que puso una partida de $300 para honorarios de su abogado. La corte aprobó dicha cantidad para el concepto expresado y fué interpuesta esta apelación. El demandado nos pide que la desestimemos por ser frívola, toda vez que no estando tramitando en la corte inferior el apelante una transcripción taquigráfica de la evidencia ni una exposición del caso no estaremos para resolver la apelación en las mismas condiciones en que se halló la corte al aprobar los $300 para honorarios de abogado.

En una moción de prórroga que nos presentó el apelante para radicar en este tribunal los autos para su apelación manifiesta que para su recurso dependerá única y exclusivamente del legajo de la sentencia, ya que en ese incidente no se practicó prueba alguna en la corte de distrito. De certificaciones que nos ha presentado el apelado aparece que el apelante no está tramitando en dicha corte exposición del caso ni ha interesado que se haga la transcripción de la evidencia para su apelación. La discrepancia entre las partes es que mientras el apelante dice que no se practicó prueba para resolver sobre las costas, el apelado sostiene que sí la hubo por lo que no trayéndola a este tribunal resulta frívola esta apelación por cuanto no podremos declarar que la cuantía de honorarios concedida por la corte inferior es excesiva.

Al resolver la corte de distrito la cuestión de la cuantía de los honorarios de abogado dijo con respecto a ese particular lo siguiente:

"La partida de honorarios de abogado no es excesiva. Presentada la petición de *injunction*, el demandado compareció radicando mociones sobre impugnación a la suficiencia de los fiadores, revocación de la orden de entredicho, y eliminación de particulares de la petición. Se celebró una vista a la que sólo asistió el demandado, anulando

la corte la orden de entredicho, por insuficiencia de la fianza. Se sustituyó entonces al demandante Santiago Ros por Guillermo Román y se presentó petición enmendada de *injunction*, expidiéndose otro entredicho, y volvió el demandado a comparecer mostrando causa y contestando la solicitud de *injunction* preliminar. Entonces se celebró la vista, en los días 4 y 8 de enero de 1935, con la asistencia de ambas partes y práctica de evidencia documental y testifical. El demandado radicó además un memorándum de 11 páginas, analizando la evidencia y estudiando las cuestiones legales envueltas en el litigio.

"Por TANTO, se aprueba el memorándum de costas por la suma de $307.00 y se condena a Santiago Ros, subrogado por Guillermo Román a pagar a Justino Barreto la suma de $307.00 por concepto de costas; debiendo el secretario expedir el correspondiente mandamiento de ejecución si no se satisficiere dentro del término de ley."

Las palabras que acabamos de copiar demuestran que al resolver la corte sobre la cuantía de los honorarios tuvo en cuenta la prueba que se presentó en el interdicto, incluyendo la prueba documental y testifical que entonces se le presentó, por lo que tuvo prueba ante sí; y como el apelante no va a traer esa prueba ante nosotros, no estaremos en condiciones de resolver su apelación, por lo que resulta frívola. *Ceballos* v. *Sucn. Alvarez*, 44 D.P.R. 596. Independientemente de lo expuesto nos parece que si tuviéramos en cuenta todas las actuaciones que tuvo ante sí la corte inferior difícilmente sería revocada la resolución apelada.